Cross appeals from a judgment entered on a decision of a Referee appointed by an order of a Trial Term, County Court, Montgomery County. On May 13, 1955 plaintiff made a contract to deliver to defendants 3,000 live, full-grown pheasants averaging three to three and one-quarter pounds, for $2.50 per bird between September 15 and December 15 of that year. The proof is abundant that the birds offered for delivery did not meet the requirements of weight, were inferior in quality and that plaintiff did not *938 perform the conditions of his contract. The Referee on this issue found that the pheasants offered by plaintiff were between two and one-half and two and three-quarters pounds and were in such physical condition that they did not comply with the contract. It is argued by plaintiff as appellant that the decision in this respect is against the weight of evidence, but our examination of the record finds the decision in this respect fully sustained. The Referee was therefore justified in granting judgment on defendants’ counterclaim for the repayment to the defendants of $1,500 advanced by them to plaintiff on account of the contract. On defendants’ cross appeal seeking damages for breaeh the Referee has found for plaintiff and dismissed the counterclaim. The decision is sustained by the record. Where an available market exists for a commodity the usual measure of damage for breaeh is the difference in value between the contract price and the price at which the commodity could be bought on the market. Here the Referee has found that the market value of the pheasants was the same as the contract price, i.e., $2.50 per bird. Defendants argue they should be compensated for loss of profits due to their failure to deliver birds to their customers. If there were no available market, or if the breaeh of contract were so timed and without warning that defendants had been left without opportunity to have access to the available market, resort might be had to another appropriate measure of damage. But here it is clear that defendants knew well before the delivery dates that plaintiff was having difficulty raising the birds and that they would probably not be suitable in size or quality for defendants’ use. Defendant Carl J. von Goe'ben testified that in August, a month before the first delivery was required, he told plaintiff that the “ birds weren’t fit ”. Although plaintiff told the defendant they “ would be ready ” it is clear from the whole record that defendants knew well in time to have access to the open market, that plaintiff would be unable to perform. The counterclaim, therefore, was properly dismissed. Plaintiff’s objection to the filing of the Referee’s report beyond the 60 days provided by subdivision (3) of section 470 of the Civil Practice Act, does not require reversal. Plaintiff’s remedy is to serve notice to elect to terminate the reference, which he did not do. Judgment affirmed, without costs.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.